*Sealed 2-10-20*
*Public and unofficial staff access to this instrument are prohibited*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) AUTHORIZING THE USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND (2) AUTHORIZING RELEASE OF SUBSCRIBER AND OTHER INFORMATION ON AT&T CELLULAR TELEPHONE NUMBER (631) 410-6329 § § § § § § § § § § § § | Magistrate Case No. B-19-913-MJ  (UNDER SEAL) |

### SEALED ORDER FOR PEN REGISTER AND TRAP AND TRACE DEVICE

Before this Court is an application under 18 U.S.C. §§ 2703(c), 2703(d), 3122, and 3123, and 47 U.S.C. § 1002, by Assistant United States Attorney **Paul Marian**, an attorney for the Government as defined by Fed. R. Crim. P. 1(b) (1) (B), requesting an Order authorizing the use of a pen register and trap and trace device on telephone number: Mobile Identification Number (MIN): _____ (hereinafter referred to as the "**Target Device**"), a mobile telephone issued by ST&T, subscribed to a mobile telephone issued by AT&T subscribed to _____ at _____, Edinburg, Texas 78541; and utilized by _____.

**UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:**

Pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be obtained by such use is relevant to an ongoing criminal investigation being conducted by the **Drug Enforcement Administration (DEA)** (hereinafter referred to as the "**Investigative Agency**") in connection with possible violations of federal criminal statutes, including Title 21 U.S.C. 841 and 846, Title 18 U.S.C. 1956 and Title 31 U.S.C. 5332, by _____ and

others.

Pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and 2703(d), Applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that records or other information identifying subscribers or customers (not including the contents of communications) for telephone numbers identified through the pen register and trap and trace devices on the **Target Device,** changes in service regarding the **Target Device** and records or other information pertaining to subscriber(s) or customer(s) (but not including the contents of communications) for the **Target Device** are relevant and material to an ongoing criminal investigation of the specified offenses.

**THEREFORE, IT IS HEREBY ORDERED**, pursuant to 18 U.S.C. § 3123, that agents of the **Investigative Agency** may use a pen register anywhere in the United States to record or decode dialing, routing, addressing, or signaling information transmitted from the **Target Device,** to record the date and time of such dialing's or transmissions, and to record the length of time the telephone receiver in question is "off the hook" or connected for incoming or outgoing calls and attempts, for a period of sixty (60) days from the date this Order is signed, provided, however, that such information shall not include the contents of any communication.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 3123, that agents of the **Investigative Agency** may use a trap and trace device on the **Target Device** anywhere in the United States to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of sixty (60) days from the

2

date this Order is signed, provided however, that such information shall not include the contents of any communication.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), 2703(d), 3122, and 3123 that the **Target Device's** service provider(s) (including any internet service provider or other electronic communications provider providing voice-over IP telephony [VoIP]), <u>and any and all other</u> telecommunication providers, persons, or entities providing wire or electronic communications service in the United States whose assistance may facilitate the execution of this Order (hereinafter, collectively, the "**Target Device's Service Provider[s]**"), shall disclose or provide, upon oral or written demand by agents of the **Investigative Agency**:

1. For the **Target Device**, records or other information pertaining to subscriber(s) or customer(s) and call detail records (including in two-way radio feature mode) for the sixty (60) days from the date this Order is signed by the Court (but not including the contents of communications).

2. For the **Target Device**, after receipt and storage,[1] records or other information pertaining to subscriber(s) or customer(s), including the means and source of payment for the service, provided to the United States as soon as practicable for (a) the origination of a call from the **Target Device** or the answer of a call to the **Target Device**, and (b) the termination of the call.

3. After receipt and storage, the following subscriber records and other information for all published, non-published, or unlisted dialing, routing, addressing, or signaling information captured by the pen register and trap and trace device on the **Target Device**:

    (A)   name;

---

[1] "After receipt and storage" is intended to ensure that the information authorized under these paragraphs is information that is first captured and recorded by the provider before being sent to the Investigative Agency."

3

(B)     address;
(C)     local and long distance telephone connection records, or records of session times and durations;
(D)     length of service (including start date) and types of service utilized;
(E)     telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address;
(F)     date of birth;
(G)     social security number;
(H)     driver's license (state and number);
(I)     contact names and numbers, and
(J)     employment information.

4.     Any and all changes (including additions, deletions, and transfers) in service regarding the **Target Device**, including telephone numbers (including International Mobile Subscriber Identity [IMSI] and Universal Fleet Member Identifier [UFMI]) associated with these service changes.

**IT IS FURTHER ORDERED** that this authorization for the use of a pen register and trap and trace device applies not only on the **Target Device**, but also on any changed telephone number(s) or MIN(s) subsequently assigned to an instrument bearing the same Electronic Serial Number (ESN), International Mobile Subscriber Identity (IMSI), International Mobile Equipment Identity (IMEI), Universal Fleet Member Identifier (UFMI), or Subscriber Identity Module (SIM) as **Target Device**, or any changed ESN, IMSI, IMEI, UFMI and/or SIM subsequently assigned to the same MIN as **Target Device**, and any additional changed MIN, ESN, IMSI, IMEI, UFMI and/or SIM, whether the changes occur consecutively or simultaneously, listed to the same subscriber or account number as **Target Device** within the 60-day period authorized by the Order.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 3123(a)(1) and § 3123 (b)(2), that upon service of this Order upon it, that the **Target Device's Service Provider(s)** shall furnish

agents of the **Investigative Agency** with all information, facilities, and technical assistance necessary to accomplish the use of the pen register and trap and trace devices, unobtrusively and with minimum interference with the services that are accorded the persons with respect to whom the use is to take place.

**IT IS FURTHER ORDERED** that the **Target Device's Service Provider(s)** shall furnish the results of the pen register and trap and trace devices to agents of the **Investigative Agency** as soon as practicable for the duration of the order.

**IT IS FURTHER ORDERED** that the **Target Device's Service Provider(s)** be reasonably compensated by the **Investigative Agency** for reasonable expenses directly incurred in providing information, facilities, and assistance.

**IT IS FURTHER ORDERED** that the **Target Device's Service Provider(s)** shall not terminate or restrict service to the **Target Device**; provided that, upon notice to the **Investigative Agency** that the **Target Device's** service would otherwise be terminated for non-payment pursuant to routine billing practices, the **Investigative Agency** timely agrees in writing to assume financial responsibility for all services provided to the **Target Device** after termination would otherwise have been effectuated and continuing to the earlier of the **Investigative Agency'** written notice to terminate service or to the expiration of this Order (and any extensions thereof); and good cause having been shown, **IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d), that this Order and the application be <u>**SEALED**</u> until otherwise ordered by the court, that the identity of any targets of the investigation may be redacted from any copy of the order served on any service provider or other person, and that the **Target Device's Service Provider(s)** shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this

Order, in full or redacted form, of the pen register or trap and trace devices, or of this investigation, to the listed subscriber(s) for the **Target Device**, or to any other person unless otherwise ordered by this Court.

Signed on the 13th day of September, 2019, at Brownsville, Texas.

_____
The Honorable Ignacio Torteya III
United States Magistrate Judge
Southern District of Texas